UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

JACOB WINDING,

        Plaintiff,

   v.

ALLSTATE INSURANCE COMPANY,
and DOES 1-25, inclusive,

        Defendants.
_____/

NO. 2:09-cv-3526 FCD KJN

MEMORANDUM AND ORDER

----oo0oo----

    This matter is before the court on defendant Allstate Insurance Company's ("Allstate" or "defendant") objection to the court's Pretrial Scheduling Order.  Specifically, defendant objects to the court's provision that trial will be by jury because plaintiff Jacob Winding's ("Winding" or "plaintiff") demand for a jury trial was untimely.

    On December 21, 2009, defendant removed this case from the Superior Court of the State of California, in and for the County of San Joaquin on the basis of diversity jurisdiction.  Both

plaintiff's complaint and defendant's answer had been filed in state court.  At the time of removal, plaintiff was representing himself in propria persona.  On February 26, 2010, the court entered an order substituting attorney and acknowledging that plaintiff was represented by counsel.  On March 26, 2010, plaintiff filed a demand for jury trial.  On April 6, 2010, the parties filed a joint status report, indicating that plaintiff intended to make a request for trial by jury.  Accordingly, on April 7, 2010, the court issued its pretrial scheduling order, providing that trial would be by jury.  Subsequently, defendant filed its objection, and the court requested supplemental briefing from both parties.

    Rule 81(c)(3)(B) of the Federal Rules of Civil Procedure provides that, after an action is removed from state court and if all necessary pleadings have been served at the time of removal, "a party entitled to a jury trial under Rule 38 must be given one if the party serves a demand *within 14 days* after: (i) it filed a notice of removal; or (ii) it is served with a notice of removal filed by another party." (emphasis added).  Further, Rule 38 provides that "[a] party waives a jury trial unless its demand is properly served and filed."

    However, pursuant to Rule 39, "the court may, on motion, order a jury trial on any issue for which a jury might have been demanded."  The court's discretion under Rule 39 is "narrow" and "does not permit a court to grant relief when the failure to make a timely demand results from an oversight or inadvertence."  Pac. Fisheries Corp. v. HIH Cas. & Gen. Ins., Ltd., 239 F.3d 1000, 1002 (9th Cir. 2001) (quoting Lewis v. Time Inc., 710 F.2d 549,

556-57 (9th Cir. 1983)); see Mardesich v. Marciel, 538 F.2d 848, 849 (9th Cir. 1976). Moreover, an untimely demand is not excused if it resulted from a good faith mistake of law. Id. (citing Beckham, 691 F.2d at 905)).

In this case, plaintiff filed a demand for jury trial over three months after the case was removed to federal court. Furthermore, the demand was filed a month after plaintiff was represented by counsel. As such, the demand was untimely under Rule 81(c)(3)(B).

Plaintiff erroneously argues that Rule 81(c)(3)(A), which provides that a jury trial demand is not required where state law does not require an express demand, applies because the local rules of San Joaquin Superior Court do not require a plaintiff to include a request for jury trial *in a complaint*. However, California Code of Civil Procedure § 631 requires an express jury demand. See Mondor v. U.S. Dist. Court for Cent. Dist. of Cal., 910 F.2d 585, 586 (9th Cir. 1990). As such, the provision of Rule 81(c)(3)(A) relied upon by plaintiff is inapplicable. See Beckham v. Safeco Ins. Co. of Am., 691 F.2d 898, 905 (9th Cir. 1982) (holding that failure to file jury demand was not excused where the plaintiff's counsel erroneously believed that no demand was required under Rule 81(c)); see also The Rutter Group, Federal Civil Procedure Before Trial, at 2D-198.10.

Plaintiff presents no reason, beyond his erroneous belief that Rule 81(c)(3)(a) applies to the action, to support the untimely jury demand. Further, plaintiff cites no authority to support the court's exercise of discretion to allow an untimely

3

1  demand under the facts before it.[1]  Accordingly, defendant's
2  objection to the pretrial scheduling order is SUSTAINED.  Trial
3  in this matter will be by the court.
4      IT IS SO ORDERED.
5  DATED: May 12, 2010

_____
FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE

---

[1]  Indeed, plaintiff's argument that the court should extend the deadline by exercise of another procedural rule has been strongly discouraged by the Ninth Circuit.  See Russ v. Standard Ins. Co., 120 F.3d 988, 989-90 (9th Cir. 1997) (holding that the district court could not employ another procedural rule to circumvent the prohibition on granting untimely jury demands due to inadvertence).

4