UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

JACOB WINDING,

        Plaintiff,

   v.

ALLSTATE INSURANCE COMPANY,
et al.,

        Defendants.
_____/

NO. CIV. 2:09-cv-3526 FCD KJN

ORDER

----oo0oo----

This matter is before the court on defendant Allstate Insurance Company's ("defendant") motion for leave to amend its answer to add affirmative defenses and counterclaims. Plaintiff Jacob Winding ("plaintiff") opposes the motion. For the reasons set forth below,[1] defendant's motion is GRANTED.

This litigation arises out of a claim filed by plaintiff in state court seeking relief from a dispute over an insurance

---

[1] Because oral argument will not be of material assistance, the court orders these matters submitted on the briefs. E.D. Cal. L.R. 230(g).

claim.  After plaintiff filed his First Amended Complaint alleging claims for declaratory relief, breach of contract, fraud, and insurer bad faith, defendant filed its Answer and removed the case to this court based on diversity jurisdiction. On April 7, 2010, the court entered its Pretrial Scheduling Order ("PSO"), providing, *inter alia*, that (1) no further amendments to pleadings is permitted without leave of court, good cause having been shown; and (2) discovery shall be completed by April 15, 2011.

Once the court has entered a pretrial scheduling order pursuant to Rule 16, the standards of Rule 16 rather than Rule 15 govern amendment of the pleadings.  See Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607-08 (9th Cir. 1992); Eckert Cold Storage, Inc. v. Behl, 943 F. Supp. 1230, 1232-33 (E.D. Cal. 1996).  Orders entered before the final pretrial conference may be modified "only for good cause."  Fed. R. Civ. P. 16(b).  The good cause requirement of Rule 16 primarily considers the diligence of the party seeking the amendment.  The pretrial scheduling order can only be modified "if it cannot reasonably be met despite the diligence of the party seeking the extension." Mammoth Recreations, 975 F.2d at 609.

When evaluating whether a party was diligent, the Ninth Circuit has determined that "the focus of the inquiry is upon the moving party's reasons for modification."  Id. at 610.  When the proposed modification is an amendment to the pleadings, the moving party may establish good cause by showing "(1) that [he or she] was diligent in assisting the court in creating a workable Rule 16 order; (2) that [his or her] noncompliance with a Rule 16

2

deadline occurred or will occur, notwithstanding [his or her] diligent efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference; and (3) that [he or she] was diligent in seeking amendment of the Rule 16 order, once it became apparent that [he or she] could not comply with the order." Jackson v. Laureate, Inc., 186 F.R.D. 605, 608 (E.D. Cal. 1999)(citations omitted).

In this case, defendant requests the court to grant it leave to amend its answer (1) to include affirmative defenses based on breach of duty to provide documents, concealment, and fraud; and (2) to file counterclaims for breach of duties under the insurance policy. (Def.'s Mtn. to Amend, filed Jan. 18, 2011, [Docket # 32], [Def.'s Mtn.], at 1.)  Defendant asserts that recently-discovered facts were disclosed in plaintiff's deposition, plaintiff's testimony in the context of records from the City of Stockton, and plaintiff's own report to the Department of Insurance. (Id.)  Specifically, defendant contends that plaintiff is submitting false information and misrepresentations in connection with his insurance claim and this recently-discovered information forms the basis for including additional affirmative defenses and filing counterclaims. (Id.)  Plaintiff argues that leave to amend is improper because defendant has waived these defenses and counterclaims. (Opp'n, filed Feb. 10, 2011, [Docket #35], at 2.)

The court concludes that defendant has demonstrated good cause to amend its Answer to add affirmative defenses and counterclaims.  First, there is no dispute that defendant has

3

been diligent in assisting the court in creating a workable Rule 16 order.  Second, defendant represents that the facts giving rise to these defenses and counterclaims were discovered during plaintiff's deposition. (Def.'s Mtn. at 1.)  Specifically, defendant asserts that despite previously requesting documentation relating to payments for improvements to the property, these documents and testimony relating to the timing of such improvements were not provided until plaintiff's deposition was taken.  Accordingly, defendant could not have known that the facts forming the basis of its breach of duty to provide documents and fraud defenses and its counterclaims arising under the insurance policy.  Thus, defendant's failure to previously include such defenses and counterclaims arose from the development of matters it could not have reasonably foreseen at the time the PSO was issued.

Third, defendant seeks to amend its answer less than two months after taking plaintiff's deposition and prior to the discovery deadline. (Docket #30.)  As such, the court concludes that defendant was reasonably diligent in discovering the alleged omissions and misrepresentations and requesting amendment under the circumstances of this case.

Therefore, defendant's motion for leave to amend is GRANTED. Defendant shall file an amended answer within ten (10) days of the issuance of this order.

IT IS SO ORDERED.

DATED: March 2, 2011

FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE

4