UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

JACOB WINDING,

        Plaintiff,

   v.

ALLSTATE INSURANCE COMPANY, et al.,

        Defendants.
_____/

NO. CIV. 2:09-cv-3526 FCD KJN

ORDER

----oo0oo----

This matter is before the court on plaintiff Jacob Winding's ("plaintiff") motion for leave to reopen discovery and extend the discovery cut-off dates in order to propound written discovery and conduct depositions relating to newly asserted affirmative defenses and a counterclaim. Defendant Allstate Insurance Company ("defendant") opposes the motion. For the reasons set forth below,[1] plaintiff's motion is GRANTED.

---

[1] Because oral argument will not be of material assistance, the court orders these matters submitted on the briefs. E.D. Cal. L.R. 230(g).

1    This litigation arises out of a claim filed by plaintiff in
2 state court seeking relief from a dispute over an insurance
3 claim.  After plaintiff filed his First Amended Complaint
4 alleging claims for declaratory relief, breach of contract,
5 fraud, and insurer bad faith, defendant filed its Answer and
6 removed the case to this court based on diversity jurisdiction.
7 On April 7, 2010, the court entered its Pretrial Scheduling Order
8 ("PSO"), providing, *inter alia*, that (1) no further amendments to
9 pleadings is permitted without leave of court, good cause having
10 been shown; and (2) discovery shall be completed by April 15,
11 2011.

12    On January 19, 2011, defendant filed a motion to amend its
13 answer to add additional affirmative defenses and a counterclaim
14 based upon evidence revealed during discovery.  Plaintiff opposed
15 the motion.  On March 3, 2011, the court granted defendant's
16 motion.  Defendant filed its First Amended Answer and
17 counterclaim on March 7, 2011.  On March 15, 2011, plaintiff
18 filed a Motion for Relief from Discovery Cut-Off Date, seeking to
19 extend the discovery cut-off date for ninety (90) days, till July
20 15, 2011, in order to conduct discovery relating to defendant's
21 newly asserted affirmative defenses and counterclaim.

22    Orders entered before the final pretrial conference may be
23 modified "only for good cause."  Fed. R. Civ. P. 16(b).  The good
24 cause requirement of Rule 16 primarily considers the diligence of
25 the party seeking the amendment to the pretrial scheduling order.
26 The pretrial scheduling order can only be modified "if it cannot
27 reasonably be met despite the diligence of the party seeking the

extension." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992)

When evaluating whether a party was diligent, the Ninth Circuit has determined that "the focus of the inquiry is upon the moving party's reasons for modification." Id. at 610. The moving party may establish good cause by showing "(1) that [he or she] was diligent in assisting the court in creating a workable Rule 16 order; (2) that [his or her] noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding [his or her] diligent efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference; and (3) that [he or she] was diligent in seeking amendment of the Rule 16 order, once it became apparent that [he or she] could not comply with the order." Jackson v. Laureate, Inc., 186 F.R.D. 605, 608 (E.D. Cal. 1999)(citations omitted).

In this case, plaintiff has demonstrated good cause to reopen discovery and to extend the discovery deadlines to conduct additional discovery relating to defendant's newly asserted affirmative defenses and counterclaim.  First, there is no dispute that plaintiff has been diligent in assisting the court in creating a workable Rule 16 order.  Second, defendant only raised the affirmative defenses and counterclaim at issue in the First Amended Answer filed on March 7, 2011.  Plaintiff moved to extend discovery on March 15, 2011.  As such, the court concludes that plaintiff was diligent in discovering requesting amendment to the PSO under the circumstances of this case.

1    Therefore, plaintiff's motion for leave to amend is GRANTED.
2 All discovery shall be completed by **July 15, 2011**.  Expert
3 designations and disclosures shall be made no later **September 16,**
4 **2011**.  Supplemental expert disclosures shall be made by **October**
5 **7, 2011**.  All dispositive motions shall be heard <u>no later than</u>
6 **January 13, 2012**.  All other dates remain unchanged.
7    IT IS SO ORDERED.
8 DATED: May 2, 2011

FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE

4