UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

JACOB WINDING,

        Plaintiff,

   v.

ALLSTATE INSURANCE COMPANY,

        Defendant.
_____/

NO. CIV. S-09-3526 FCD KJN

<u>ORDER GRANTING ATTORNEY'S WITHDRAWAL</u>

----oo0oo----

This matter is before the court on Vernon C. Goins II ("Goins") and Goins & Associates' motion to withdraw as attorney of record for plaintiff Jacob Winding.[1]

Pursuant to E.D. Cal. L.R. 182(d):

> [A]n attorney who has appeared may not withdraw leaving the client <u>in propria persona</u> without leave of court upon noticed motion and notice to the client and all other parties who have appeared. The attorney shall provide an affidavit stating the current or last known address or addresses of the client and the efforts made to notify the client of the motion to withdraw.

---

[1] Defendant Allstate Insurance Company filed a statement of non-opposition to the motion. (Docket #56.)

1

> Withdrawal as attorney of record is governed by the Rules of Professional Conduct of the State Bar of California, and the attorney shall conform to the requirements of those Rules.

Counsel has complied with the requirements of the local rules by noticing the instant motion, providing proof of service of the pending motion by mail to plaintiff, and providing the court with plaintiff's current address.[2]

The Rules of Professional Conduct of the State Bar of California provide in pertinent part:

> A member may not request permission to withdraw in matters pending before a tribunal. . . , unless such request or such withdrawal is because the client . . . renders it unreasonably difficult for the member to carry out the employment effectively.

California Rules of Professional Conduct, Rule 3-700(C)(1)(d). Goins represents that there has been an irreparable breakdown in his relationship with plaintiff such that he can no longer effectively represent plaintiff in this action. (Goins II Decl., filed May 13, 2011.) Goins attests that plaintiff refuses to consider his legal advice or otherwise cooperate or assist Goins in the litigation of this case. (Id. at ¶ 2g.)

Moreover, discovery has largely concluded in the case (Goins II Decl, ¶ 2h and i), and there remains sufficient time for plaintiff to seek other counsel, should he wish to do so, before the April 2012 trial date. Thus, there will be minimal, if any, prejudice to plaintiff arising out of counsel's withdrawal.

Accordingly, the court GRANTS Goins' motion to withdraw as attorney of record. Goins shall comply with the requirements of

---

[2] Because oral argument will not be of material assistance, the court orders this matter submitted on the briefs. E.D. Cal. L.R. 230(g).

2

1  California Rules of Professional Conduct, Rule 3-700(D).
2  Plaintiff Jacob Winding is substituted in propria persona.  His
3  current address and telephone number are as follows: Jacob
4  Winding, 6 West Main Street, Stockton, CA 95202.
5     Pursuant to Local Rule 72-302(c)(21), this case is hereby
6  referred to the assigned Magistrate Judge Kendall J. Newman for
7  case management and recommendation(s) to the District Court
8  Judge.  Parties are to contact Matt Casper at 916-930-4187 with
9  regard to further case management.
10    IT IS SO ORDERED.
11 DATED: June 13, 2011

_____
FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE