IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JACOB WINDING,

      Plaintiff,                    No. 2:09-cv-03526 KJM KJN PS

v.

ALLSTATE INSURANCE COMPANY
and DOES 1 through 25, inclusive,

      Defendants,                <u>ORDER</u>

ALLSTATE INSURANCE COMPANY,

      Counter-claimant,

v.

JACOB WINDING,

      Counter-defendant.
_____/

        On August 1, 2011, defendant and counter-claimant Allstate Insurance Company ("Allstate") filed a motion for summary judgment, or partial summary judgment in the alternative, with respect to plaintiff's claims against it (Dkt. No. 60). That same day, Allstate filed a motion for summary judgment addressed to its counterclaim against plaintiff (Dkt. No. 59). Allstate noticed both motions for a hearing to take place before the undersigned on

September 15, 2011.[1]  Pursuant to this court's Local Rules, plaintiff was obligated to file and serve a written opposition or statement of non-opposition to the pending motions at least fourteen days prior to the re-noticed hearing date, or September 1, 2011.  See E. Dist. Local Rule 230(c).[2]  The court's docket reveals that plaintiff, who is now proceeding without counsel, failed to file a written opposition or statement of non-opposition with respect to Allstate's motions.  Thus, plaintiff violated Local Rules 230(c) and 260.

Eastern District Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."  Moreover, Eastern District Local Rule 183(a) provides, in part:

> Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law.  All obligations placed on "counsel" by these Rules apply to individuals appearing in propria persona.  Failure to comply therewith may be ground for dismissal, judgment by default, or any other sanction appropriate under these Rules.

See also King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants.").  Case law is in accord that a district court

---

[1]  This action proceeds before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).  On June 13, 2011, plaintiff's counsel was permitted to withdraw from his representation of plaintiff in this action. (Order, June 13, 2011, Dkt. No. 57.)

[2]  Eastern District Local Rule 230(c) provides:

> **(c) Opposition and Non-Opposition.**  Opposition, if any, to the granting of the motion shall be in writing and shall be filed and served not less than fourteen (14) days preceding the noticed (or continued) hearing date.  A responding party who has no opposition to the granting of the motion shall serve and file a statement to that effect, specifically designating the motion in question.  No party will be entitled to be heard in opposition to a motion at oral arguments if opposition to the motion has not been timely filed by that party. . . .

Plaintiff was also obligated to comply with Local Rule 260 in regards to the motions for summary judgment and partial summary judgment.

may impose sanctions, *including involuntary dismissal of a plaintiff's case* pursuant to Federal Rule of Civil Procedure 41(b), where that plaintiff fails to prosecute his or her case or fails to comply with the court's orders, the Federal Rules of Civil Procedure, or the court's local rules. See Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a court "may act *sua sponte* to dismiss a suit for failure to prosecute"); Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders); Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam) ("Failure to follow a district court's local rules is a proper ground for dismissal."), cert. denied, 516 U.S. 838 (1995); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court."), cert. denied, 506 U.S. 915 (1992); Thompson v. Housing Auth. of City of L.A., 782 F.2d 829, 831 (9th Cir. 1986) (per curiam) (stating that district courts have inherent power to control their dockets and may impose sanctions including dismissal and default), cert. denied, 479 U.S. 829 (1986).

In light of the foregoing, IT IS HEREBY ORDERED that:

1. The hearing on Allstate's motions for summary judgment or partial summary judgment (Dkt. Nos. 59-60), which is presently set for September 15, 2011, is continued until October 27, 2011.

2. Plaintiff shall file and serve separate written oppositions to Allstate's motions, or statements of non-opposition, no later than September 15, 2011. If plaintiff chooses to file written oppositions, he *must* comply with the requirements of Local Rule 230 and Local Rule 260. Plaintiff's failure to file a proper written opposition to either motion will be deemed a statement of non-opposition to, and plaintiff's consent to the granting of, the motion to which plaintiff failed to respond. Such failure shall also constitute an additional ground for the imposition of appropriate sanctions, including recommendations that plaintiff's claims be

involuntarily dismissed pursuant to Federal Rule of Civil Procedure 41(b) and that a default judgment be entered against plaintiff as to Allstate's counterclaim.

        3.     Allstate may file a written reply to plaintiff's oppositions, if any, on or before September 29, 2011.

IT IS SO ORDERED.

DATED: September 6, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE