IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JACOB WINDING,

    Plaintiff,                      No. 2:09-cv-03526 KJM KJN PS

    v.

ALLSTATE INSURANCE COMPANY
and DOES 1 through 25, inclusive,

    Defendants,                <u>ORDER</u>

ALLSTATE INSURANCE COMPANY,

    Counter-claimant,

    v.

JACOB WINDING,

    Counter-defendant.

/

By this order, the undersigned advises the parties that the "amended" documents filed by plaintiff and counter-defendant in regards to the pending motions for summary judgment and summary adjudication (Dkt. Nos. 84-88) are disregarded and will not be considered by the court. Any further attempt by plaintiff to circumvent the court's September 6, 2011 order, or any other court order, court rule, or other procedural rule, will result in recommendations that


plaintiff's affirmative claims be dismissed with prejudice and that judgment by default be entered in defendant Allstate Insurance Company's ("Allstate") favor on Allstate's counterclaim.[1]

On August 1, 2011, Allstate filed a motion for summary judgment, or partial summary judgment in the alternative, with respect to plaintiff's claims against it (Dkt. No. 60). On the same day, Allstate filed a motion for summary judgment addressed to its counterclaim against plaintiff (Dkt. No. 59). Allstate noticed both motions for a hearing to take place before the undersigned on September 15, 2011. Plaintiff failed to file oppositions to either of Allstate's motions. (See Order, Sept. 6, 2011, Dkt. No. 76.) In light of plaintiff's failure and status as a pro se party, the undersigned continued the hearing on Allstate's motions to October 27, 2011, and ordered plaintiff to oppose Allstate's motions consistent with Local Rules 230 and 260 on or before September 15, 2011. (Id. at 3.) The undersigned specifically advised plaintiff that his failure to follow the Federal Rules of Civil Procedure and the court's orders and Local Rules would result in recommendations that his claims be dismissed pursuant to Federal Rule of Civil Procedure 41(b) and Local Rules 110 and 183(a), and that Allstate be granted judgment on its counterclaim. (See id. at 2-4.)

On September 15, 2011, plaintiff filed a memorandum of points and authorities in opposition to Allstate's motions, two affidavits, a separate statement of disputed facts, and evidentiary objections. (Dkt. Nos. 78-82.) None of these documents explains why plaintiff failed to oppose Allstate's motions in the first instance. Nonetheless, plaintiff filed these documents within the time provided by the court in the September 6, 2011 order.

However, on September 19, 2011, plaintiff filed two "amended" memoranda of points and authorities, an "amended" separate statement of disputed facts, and an "amended" affidavit. (Dkt. Nos. 84-87.) On September 20, 2011, plaintiff filed yet another "amended" separate statement of disputed facts. (Dkt. No. 88.) All of these documents are materially

---

[1] This action proceeds before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

different from the documents filed by plaintiff on September 15, 2011, and plaintiff has not explained why he believes he is entitled to file these documents. Regardless, plaintiff's acts of filing "amended" documents on September 19th and 20th are in clear contravention of the court's September 6, 2011 order, and readily appear to constitute plaintiff's attempt to circumvent the briefing schedule provided by the court. Accordingly, plaintiff's "amended" documents (Dkt. Nos. 84-88) are disregarded and will not be considered by the court. Any subsequent filings through which plaintiff violates the court's order will also be summarily disregarded.

The undersigned notes that due to plaintiff's failure to timely oppose defendant's motions it would have been appropriate to recommend that plaintiff's affirmative claims be dismissed with prejudice and that a judgment by default be entered as to Allstate's counterclaim.[2]

---

[2] As plaintiff has already been warned, Eastern District Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Moreover, Eastern District Local Rule 183(a) provides, in part:

> Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law. All obligations placed on "counsel" by these Rules apply to individuals appearing in propria persona. Failure to comply therewith may be ground for dismissal, judgment by default, or any other sanction appropriate under these Rules.

See also King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants."). Case law is in accord that a district court may impose sanctions, *including involuntary dismissal of a plaintiff's case* pursuant to Federal Rule of Civil Procedure 41(b), where that plaintiff fails to prosecute his or her case or fails to comply with the court's orders, the Federal Rules of Civil Procedure, or the court's local rules. See Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a court "may act *sua sponte* to dismiss a suit for failure to prosecute"); Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders); Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam) ("Failure to follow a district court's local rules is a proper ground for dismissal."), cert. denied, 516 U.S. 838 (1995); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court."), cert. denied, 506 U.S. 915 (1992); Thompson v. Housing Auth. of City of L.A., 782 F.2d 829, 831 (9th Cir. 1986) (per curiam) (stating that district courts have inherent power to control their dockets and may impose sanctions including dismissal and default), cert. denied, 479 U.S. 829 (1986).

3

1 | However, the undersigned will consider plaintiff's September 15, 2011 filings in resolving the
2 | pending motions.  That said, if plaintiff subsequently violates the court's orders, the court's Local
3 | Rules, or the Federal Rules of Civil Procedure, the undersigned will vacate the October 27, 2011
4 | hearing and enter findings and recommendations that recommend the dismissal of plaintiff's
5 | claims and the entry of a judgment by default as to Allstate's counterclaim.
6 |       In light of the foregoing, IT IS HEREBY ORDERED that plaintiff's "amended"
7 | documents filed on September 19, 2011 (Dkt. Nos. 84-87), and September 20, 2011 (Dkt.
8 | No. 88), are disregarded and will not be considered by the court.
9 |       IT IS SO ORDERED.
10 | DATED: September 20, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE