IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JACOB WINDING,

    Plaintiff,                   No. 2:09-cv-03526 KJM KJN PS

    v.

ALLSTATE INSURANCE COMPANY
and DOES 1 through 25, inclusive,

    Defendants,              ORDER

ALLSTATE INSURANCE COMPANY,

    Counter-claimant,

    v.

JACOB WINDING,

    Counter-defendant.
_____/

        On August 1, 2011, defendant and counter-claimant Allstate Insurance Company ("Allstate") filed a motion for summary judgment, or partial summary judgment in the alternative, with respect to plaintiff's claims against it (Dkt. No. 60). That same day, Allstate filed a motion for summary judgment addressed to its counterclaim against plaintiff (Dkt. No. 59). Both motions are fully briefed and presently set for an October 27, 2011 hearing before

1

the undersigned.[1]  (Order, Sept. 6, 2011, at 3, Dkt. No. 76; see also Order, Sept. 21, 2011, Dkt. No. 89.)

Although plaintiff has not filed a notice of change of address with the court, the court's docket reveals that plaintiff might not have received the court's order entered on September 21, 2011, which disregarded plaintiff's several documents impermissibly filed by plaintiff.  (See Order, Sept. 21, 2011.)  The court's docket indicates that although the court mailed a copy of that order to plaintiff at the address provided by plaintiff's former counsel, that mail was returned to the court on or around September 29, 2011, as undeliverable because of an insufficient address and an inability to forward.

This court's Local Rule 182(f) provides:

> Each appearing attorney and pro se party is under a continuing duty to notify the Clerk and all other parties of any change of address or telephone number of the attorney or the pro se party.  Absent such notice, service of documents at the prior address of the attorney or pro se party shall be fully effective. Separate notice shall be filed and served on all parties in each action in which an appearance has been made.

E. Dist. Local Rule 182(f).  In specific regard to parties appearing without counsel, Local Rule 183(b) further provides:

> A party appearing in propria persona shall keep the Court and opposing parties advised as to his or her current address. If mail directed to a plaintiff in propria persona by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty-three (63) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute.

E. Dist. Local Rule 183(b).

Although Local Rule 183(b) provides plaintiff with 63 days to notify the court and Allstate of any change of address, the undersigned orders plaintiff to file a notice of change of address no later than Thursday, October 17, 2011.  Such notice should also indicate whether

---

[1] This action proceeds before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

2

plaintiff intends to appear at the October 27, 2011 hearing on Allstate's motions. As plaintiff has been warned on at least two occasions, plaintiff's failure to comply with the court's orders or the applicable procedural rules will result in a recommendation that plaintiff's claims be dismissed with prejudice and that a judgment by default be entered as to Allstate's counterclaim. (Order, Sept. 6, 2011, at 3-4; Order, Sept. 21, 2011, at 3-4.)

In light of the foregoing, IT IS HEREBY ORDERED that:

1. The hearing on Allstate's motions for summary judgment shall remain on the court's October 27, 2011 calendar.

2. No later than October 17, 2011, plaintiff shall file a notice of change of address with the court, which also indicates whether plaintiff intends to appear at the October 27, 2011 hearing.

IT IS SO ORDERED.

DATED: October 7, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE