IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JACOB WINDING,

     Plaintiff,                    No. 2:09-cv-03526 KJM KJN PS

     v.

ALLSTATE INSURANCE COMPANY
and DOES 1 through 25, inclusive,

     Defendants,               ORDER

ALLSTATE INSURANCE COMPANY,

     Counter-claimant,

     v.

JACOB WINDING,

     Counter-defendant.
_____/

On or around September 27, 2011, a court order served on plaintiff and counter-defendant Jacob Winding via U.S. mail was returned to the court as undeliverable.[1] In an order entered October 7, 2011, the court ordered Mr. Winding to file a notice of change of address no

---

[1] This action proceeds before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

later than October 17, 2011, along with a statement regarding whether Mr. Winding intends to appear at the October 27, 2011 hearing on defendant and counter-claimant Allstate Insurance Company's ("Allstate") motions for summary judgment or partial summary judgment. (Order, Oct. 7, 2011, Dkt. No. 94.)

Mr. Winding failed to file the court-ordered notice. Curiously however, the court's October 7, 2011 order has not yet been returned as undeliverable. Regardless, Allstate's motions for summary judgment or partial summary judgment will remain on calendar because those motions are fully briefed.

If Mr. Winding appears at the October 27, 2011 hearing, the court will address any possible sanction for his failure to follow the court's order. This is not Mr. Winding's first failure to follow the court's orders, the Federal Rules of Civil Procedure, or the court's Local Rules, and Mr. Winding has been amply warned that such failures may result in the dismissal of his claims and the entry of judgment by default on Allstate's counterclaim. (See Order, Sept. 6, 2011, Dkt. No. 76; Order, Sept. 21, 2011, Dkt. No. 89; Order, Oct. 7, 2011, Dkt. No. 94.) Although presently inclined to rule on Allstate's motions on the merits, the undersigned may ultimately recommend that Mr. Winding's affirmative claims be dismissed, and a judgment by default be entered as to Allstate's counterclaim, on the basis of Mr. Winding's repeated failures to follow the court's orders, the Federal Rules of Civil Procedure, and the court's Local Rules.

In light of the foregoing, IT IS HEREBY ORDERED that the hearing on Allstate's motions for summary judgment or partial summary judgment shall remain on the court's October 27, 2011 calendar.

IT IS SO ORDERED.

DATED: October 19, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE