MICHAEL BARNES (State Bar No. 121314)
SONIA MARTIN (State Bar No. 191148)
ASLAN BANANZADEH (State Bar No. 262608)
SNR DENTON US LLP
2121 N. California Blvd., Suite 800
Walnut Creek, California  94596
Telephone:   (925) 949-2600
Facsimile:    (925) 949-2610
Emails:        michael.barnes@snrdenton.com
                    sonia.martin@snrdenton.com
                    shawn.bananzadeh@snrdenton.com

Attorneys for Defendant
ALLSTATE INSURANCE COMPANY

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| JACOB WINDING,<br><br>       Plaintiff,<br><br>   vs.<br><br>ALLSTATE INSURANCE COMPANY and DOES 1-25, inclusive,<br><br>       Defendants. | Case No. 09-03526 KJM-KJN<br><br>ALLSTATE INSURANCE COMPANY'S:<br><br>(1)  NOTICE OF MOTION AND MOTION TO REOPEN DISCOVERY;<br><br>(2)  MEMORANDUM OF POINTS AND AUTHORITIES; AND<br><br>(3)  DECLARATION OF ASLAN BANANZADEH<br><br>Date:       June 8, 2012<br>Time:      10:00 a.m.<br>Courtroom: 3, 15th Floor<br>Judge:     Hon. Kimberly J. Mueller<br><br>Trial Date:  None Set |

**NOTICE OF MOTION AND MOTION**

TO THE CLERK OF THE COURT AND TO PLAINTIFF IN *PRO PER*:

PLEASE TAKE NOTICE that, at 10:00 a.m., on June 8, 2012, or as soon thereafter as the matter may be heard, in Courtroom 3, 15th Floor, of the United States District Court for the Eastern District of California, located at 501 I Street, Suite 4-200, Sacramento, California, defendant and counterclaimant Allstate Insurance Company will move, and hereby does move, for an order reopening discovery in this action for ninety (90) days.

The basis of the motion is that, in its March 9, 2012 Pretrial Order, the Court declined to grant Allstate's motions in limine to preclude plaintiff from presenting trial testimony from percipient and expert witnesses whom he failed to disclose properly in the course of discovery. To eliminate the prejudice Allstate will suffer if plaintiff is permitted to rely on testimony from such witnesses, and because no trial date is currently scheduled, Allstate respectfully requests that the Court reopen fact discovery for a period of ninety (90) days.

The motion is based upon this Notice, the following Memorandum of Points and Authorities and Declaration of Aslan Bananzadeh, all pleadings, records and documents on file herein, and such additional evidence and argument as may be properly introduced in support of the motion.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

By this motion, Allstate seeks to re-open discovery in this insurance "bad faith" case to allow depositions of certain individuals whom plaintiff failed to disclose properly before discovery closed, yet intends to produce at trial. Allstate respectfully submits the requested relief would be appropriate in view of the Court's determination to relieve plaintiff from his failure to comply with the Federal Rules of Civil Procedure.

As the Court will recall from the Final Pretrial Conference, plaintiff in this matter failed to disclose the existence, whereabouts and identities of multiple fact witnesses until after discovery had closed. He also failed to provide reports and full disclosures for his proposed expert witnesses, as mandated by the federal rules. In its March 9, 2012 Pretrial Order, however, the Court denied Allstate's motions in limine to exclude the testimony of those witnesses whom plaintiff had failed to disclose properly.

Now, Allstate faces the spectre of proceeding to trial without having had an opportunity to depose those witnesses, and faces a classic "trial by ambush" harkening back to the days before discovery existed. To ameliorate the prejudice Allstate would suffer if such witnesses are permitted to testify, and in view of the lack of any trial date, Allstate respectfully requests that the Court reopen discovery for a brief period of ninety days to allow for the depositions of plaintiff's belatedly-disclosed witnesses.

### II. RELEVANT BACKGROUND

This lawsuit arises from Allstate's handling of an insurance claim for an alleged theft and vandalism at plaintiff's rental property in Stockton on July 12, 2008. Allstate contends, in part, that plaintiff failed to substantiate his assertion that his property had been upgraded prior to the alleged vandalism.

On April 7, 2010, the Court issued a scheduling order establishing trial-related deadlines, including a discovery cutoff of April 15, 2011. (Docket No. 16, 2:1-7.) Later, upon plaintiff's motion, that deadline was extended to July 15, 2011. (Docket No. 51.) The Court also set

September 16, 2011 as the deadline for expert designations and disclosures. (*Id*.) Trial was scheduled for April 17, 2012. (Docket No. 16, 7:4-6.)

As the litigation proceeded, plaintiff repeatedly failed to comply with his disclosure obligations. For instance, on March 30, 2010, he served his Rule 26 initial disclosure. (Declaration of Aslan Bananzadeh ("Bananzadeh Dec."), ¶ 2, Ex. A.) In that disclosure, plaintiff identified just four fact witnesses: himself, two Allstate employees, and Belinda Smith of AVS Consulting, Inc., who allegedly performed work on his property. (*Id.*) Allstate's (prior) counsel was unable to locate Ms. Smith with the contact information listed on plaintiff's disclosures, and plaintiff testified in deposition that he does not know of Ms. Smith's location or how to contact her. (Bananzadeh Dec., ¶ 3, Ex. B, Deposition of Jacob Winding, Vol. 2, 74:6-75:10.)

On September 15, 2011, two months after discovery closed and more than a year after plaintiff served his Rule 26 disclosures, he filed a declaration of a person named "Okey Frank Ozoh" in support of his opposition to Allstate's summary judgment motion. (Docket No. 81.) Mr. Ozoh's declaration concerned the condition of plaintiff's property before the alleged July 2008 loss, confirming plaintiff was aware of Mr. Ozoh's identity as a percipient witness for at least three years before he submitted the declaration, yet had never disclosed him as a potential witness. (*Id*.)

Then, on September 19, 2011, plaintiff belatedly filed an expert witness list, comproming only a three-page document containing seven names but including no reports, qualifications, or lists of prior testimony from any of the individuals as Rule 26(a)(2)(B) required. (Docket No. 83.)

Plaintiff's failure to disclose these various witnesses properly prompted Allstate to move in limine to exclude or limit their trial testimony. First, Allstate sought to exclude Mr. Ozoh from testifying because plaintiff had failed to identify him in his Rule 26 disclosure. (Docket No. 116.) Second, Allstate moved to exclude all of plaintiff's experts because his expert disclosure failed to comply with Rule 26(a)(2)(B). (Docket No. 117.) Finally, Allstate sought to exclude Ms. Smith because it had been unable to locate and depose her with the information plaintiff had supplied. (Docket No. 118.)

The Court addressed those issues at the March 1, 2012 Pretrial Conference and issued a Pretrial Order on March 9, 2012. (Docket No. 126.) As to Allstate's motion to exclude Mr.

Ozoh, the Court stated that it was inclined to deny the motion. (Docket No. 126 at 1:21-25.) As to Allstate's motion to exclude plaintiff's experts, the Court gave plaintiff thirty days to provide the reports required by Rule 26(a)(2). (Docket No. 126 at 2:1-4.) On April 11, 2012, the Court extended that deadline by sixty days. (Docket No. 131.) Finally, the Court denied Allstate's motion to exclude Belinda Smith's testimony. (Docket No. 126 at 2:5-8.) The Court also vacated the April 17, 2012 trial date. (*Id*. at 2:14-15.) No new date has been assigned.

### III. ARGUMENT

"The district court is given broad discretion in supervising the pretrial phase of litigation, and its decisions regarding the preclusive effect of a pretrial order[.]" *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992) (decisions concerning reopening discovery reviewed for "a clear abuse of discretion") (citation and internal quotation marks omitted). It is within the Court's discretion to grant a motion to reopen discovery upon a showing of "good cause." Fed. R. Civ. Proc. 16(b)(4) (scheduling order may be modified "for good cause and with the judge's consent."). Under this standard, the Court should grant Allstate's request to reopen discovery for ninety days.

Allstate has diligently pursued these issues by filing motions in limine to limit the potential prejudice posed by plaintiff's failure to disclose these witnesses properly. (Docket Nos. 116-118.) The Court has nonetheless determined they will be allowed to testify, and has granted plaintiff additional time to supplement his inadequate disclosures and expert witness designations. Without an order reopening discovery, Allstate will be prejudiced at trial because witnesses will be permitted to testify whom it had no opportunity to depose. By reopening discovery for a brief period, the Court could restore Allstate's rights to due process and a fair trial.

A ninety-day period to conduct further discovery after plaintiff serves the supplemental disclosures ordered by the Court will permit Allstate to depose all of plaintiff's remaining witnesses and to conduct any necessary follow-up discovery. Without that opportunity, by contrast, Allstate will be unable to prepare adequately for trial. Indeed, the Court specifically noted at the Final Pretrial Conference that any prejudice that would result from permitting their

testimony could be mitigated by permitting Allstate additional discovery. (Bananzadeh Dec., ¶ 4, Ex. C, Transcript of Final Pretrial Conference, 4:12-5:13.)

Finally, reopening discovery would pose no prejudice to plaintiff. No trial date is set, plaintiff has not yet served his supplemental witness disclosures, and he claims he is still seeking trial counsel. Hence, he would suffer no prejudice if Allstate were permitted to conduct additional discovery for a minimal period of time, especially since the need for that discovery resulted from plaintiff's failure to comply with his disclosure obligations in the first instance.

## IV.  CONCLUSION

In view of the Court's determination to let plaintiff present testimony from witnesses whom he failed to disclose properly (or at all), due process and basic principles of fairness warrant a brief reopening of discovery, especially since there is no trial date and plaintiff is still completing his disclosures and searching for trial counsel. Reopening discovery would reduce the prejudice Allstate would face at trial, without causing any delay. Accordingly, Allstate respectfully requests the Court reopen discovery for ninety days.

Respectfully submitted,

Dated: May 1, 2012          SNR DENTON US LLP

By_____/s/Michael Barnes_____
       MICHAEL BARNES

Attorneys for Defendant
ALLSTATE INSURANCE COMPANY

**DECLARATION OF ASLAN BANANZADEH**

I, Aslan Bananzadeh, declare as follows:

1.  I am an attorney at law, duly licensed to practice law before this Court and all the Courts of the State of California. I am an associate at SNR Denton US LLP, counsel of record for Allstate Insurance Company in this action. I make this declaration in support of Allstate's Motion to Reopen Discovery. I have personal knowledge of the facts set forth in this declaration and, if called as a witness, I could and would testify competently thereto.

2.  Attached as Exhibit A is a true and correct copy of plaintiff Jacob Winding's Initial Disclosures in this matter.

3.  Attached as Exhibit B is a true and correct copy of an excerpt from Jacob Winding's deposition in this matter.

4.  Attached as Exhibit C is a true and correct copy of an excerpt from the transcript of the Final Pretrial Conference in this matter.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on May 1, 2012 in Walnut Creek, California.

                                          /s/Aslan Bananzadeh
                                             Aslan Bananzadeh

SNR DENTON US LLP
2121 NORTH CALIFORNIA BLVD., SUITE 800
WALNUT CREEK, CALIFORNIA 94596-7342
(925) 949-2600