IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JACOB WINDING,

      Plaintiff,

  vs.

ALLSTATE INSURANCE CO. and DOES 1-25, inclusive,

      Defendants.

No. CIV S-09-03526 KJM-KJN

MEMORANDUM AND ORDER

/

This matter is before the court on the "notice of interlocutory appeal"[1] filed by plaintiff Jacob Winding ("plaintiff"). Through the notice, plaintiff challenges the court's March 8, 2012 order[2] granting defendants summary judgment on plaintiff's fourth claim for insurance bad faith. (ECF 129.) Defendant has not responded to this filing. For the reasons set forth

---

[1] Plaintiff did not notice a motion for certification of the court's order for interlocutory appeal. However, as plaintiff is proceeding pro se, the court construes plaintiff's "notice of interlocutory appeal" as a motion for a certificate of interlocutory appeal under 28 U.S.C § 1292(b).

[2] The court, on March 7, 2012, issued an order adopting the magistrate judge's findings and recommendation that defendants should be granted partial summary judgment solely as to plaintiff's claim for insurance bad faith and the corresponding request for punitive damages, but that the motion for summary judgment should be denied in all other respects. (ECF 124.)

1

below, and construing plaintiff's "notice" as a request for leave to file an interlocutory appeal, the court finds plaintiff has not met his burden of demonstrating that the court's order granting partial summary judgment involved a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal may materially advance the ultimate termination of this litigation. Thus, in accordance with 28 U.S.C § 1292(b), plaintiff's request is DENIED.[3]

I.   BACKGROUND

Defendant moved for partial summary judgment as to plaintiff's claims for breach of contract, insurance bad faith, fraud and plaintiff's request for punitive damages. (ECF 60.) On November 1, 2011, the magistrate judge issued detailed and well-reasoned findings and recommendations, recommending that defendant's motion for summary judgment be denied in part and granted in part. (ECF 105 at 34:2-7). Specifically, the magistrate judge recommended defendant "be granted summary judgment as to plaintiff's claim for insurance bad faith and the corresponding request for punitive damages, but that the motion for summary judgment be denied in all other respects." (*Id.*) On March 8, 2012, the court issued an order adopting the findings and recommendations. (ECF 124.)

In recommending defendant be granted summary judgment as to plaintiff's insurance bad faith claim, the magistrate judge found that plaintiff, under the insurance policy, "sought reimbursement for appliances and materials . . . but was unable or unwilling to produce receipts, invoices, or other documents substantiating the cost" of the materials. (ECF 105 at 22:15-23:2.) The court therefore found that, "[a]t bottom, plaintiff may ultimately succeed on his breach of contract claim, but he has not produced enough evidence of unreasonableness to withstand summary judgment on his insurance bad faith claim." (*Id.* at 23:11-13.)

/////

---

[3] Because oral argument will not be of material assistance, the court orders this matter submitted on the briefs. E.D. Cal. Local Rule 230(g).

## II.  STANDARD

The general rule is that an appellate court should not review a district court ruling until after entry of a final judgment. *Coopers & Lyband v. Livesay*, 437 U.S. 463, 474 (1978); *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1982), *aff'd sub nom. Arizona v. Ash Grove Cement Co.*, 459 U.S. 1190 (1983); *see* 28 U.S.C. § 1291. Generally speaking, where, as here, the district court grants partial summary judgment, that decision is not appealable precisely because it is not a final judgment disposing of all claims. *American States Ins. Co. v. Dastar Corp.*, 318 F.3d 881, 884 (9th Cir. 2003) (citing *Cheng v. Comm'r*, 878 F.2d 306, 310 (9th Cir.1989)). There is, however, an exception to this general rule:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal for the order may materially advance the ultimate termination of the litigation, [she] shall so state in writing in such order. The Court of Appeals . . . may thereupon . . . permit an appeal . . . if application is made to it within ten days . . . .

28 U.S.C. § 1292(b). The party seeking certification of an interlocutory appeal has the burden to show the presence of the exceptional circumstances required to prevail. *Coopers & Lybrand*, 437 U.S. at 474-75.

Section 1292 identifies three factors that must be present in order for the court to certify an appeal. First, the issue to be certified must involve a controlling issue of law. 28 U.S.C. § 1291. An issue is "controlling" if "resolution of the issue on appeal could materially affect the outcome of litigation in the district court." *In re Cement Antitrust Litig.*, 673 F.2d at 1026 (citing *U.S. Rubber Co. v. Wright*, 359 F.2d 784, 785 (9th Cir. 1966)). Second, there must be substantial ground for difference of opinion on that issue. A party's strong disagreement with the court's ruling is not sufficient for there to be a "substantial ground for difference"; the proponent of an appeal must make some greater showing. *Kern-Tulare Water Dist. v. Bakersfield*, 634 F. Supp. 656, 667 (E.D. Cal. 1986), *aff'd in part and rev'd in part on other*

*grounds*, 828 F.2d 514 (9th Cir. 1987).  Third, an interlocutory appeal must be likely to materially speed the termination of the litigation.  This factor is linked to whether an issue of law is "controlling," in that the court should consider the effect of a reversal by the court of appeals on the management of the case.  *See In re Cement Antitrust Litig.*, 673 F.2d at 1026.[4]

III.   ANALYSIS

In this case, plaintiff's attempt to seek an interlocutory appeal is unwarranted, as plaintiff cannot meet his burden of demonstrating that the issue to be certified — whether plaintiff's claim for insurance bad faith should be allowed to proceed — is a controlling question of law. *In re Cement Antitrust Litig.*, 673 F.2d at 1026.  Where the issue decided by the court is "fact-dependent," it is generally not a "controlling question of law." *See Eaton v. Siemens*, 2007 WL 2318538, at *2 (E.D. Cal., Aug. 10, 2007) (citing *Keystone Tobacco Co., Inc. v. Nat'l Tobacco Co.*, 217 F.R.D. 235, 238 (D.D.C. 2003) (holding that controlling issues of law are not those issues resolved based on the underlying facts)).  In this case, the court did not grant defendant's motion for summary judgment as to plaintiff's insurance bad faith claim based on interpretation of an ambiguous statute or common-law doctrine; rather, the court granted defendant's motion because plaintiff failed to proffer sufficient evidence to raise a genuine dispute as to any material fact.  Specifically, the court adopted the magistrate judge's finding that summary judgment should be granted as to the insurance bad faith claim because plaintiff did "not cite[] to evidence of an inadequate investigation, bias in Allstate's investigation, or bad faith in interpreting the policy."[5]  (ECF 105 at 23:9-10.)  Because the court resolved  plaintiff's bad

---

[4] Plaintiff has not sought to stay these proceedings pending interlocutory appeal.

[5] Even plaintiff had shown that the issued resolved on summary judgment was a "controlling question of law," plaintiff has also failed to meet his burden of establishing that there is substantial grounds for disagreement over the legitimacy of plaintiff's bad faith claim—as Judge Newman found, plaintiff simply failed to meet his burden of proffering any evidence to support his insurance bad faith claim.

faith claim based on the factual record, and not as a question of law, plaintiff is precluded from appealing the court's grant of partial summary judgment.

IV. CONCLUSION

Based on the foregoing, plaintiff's request for leave to file an interlocutory appeal is DENIED.

IT IS SO ORDERED.

DATED: May 1, 2012.

_____
UNITED STATES DISTRICT JUDGE