IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JACOB WINDING,

    Plaintiff,                        No. CIV S-09-3526 KJM-KJN

    vs.

ALLSTATE INSURANCE CO. and DOES 1-25, inclusive,

    Defendants.                      MEMORANDUM AND ORDER

/

        This matter is before the court on defendant, Allstate Insurance Company's ("defendant"), motion to reopen discovery.[1] Plaintiff does not oppose the motion. For the reasons set forth below, defendant's motion is granted.[2]

        The court conducted a final pretrial conference on March 1, 2012. The court, on March 9, 2012, issued a pretrial order. (ECF 126.) In that order, the court held that, "[r]egarding

---

[1] Plaintiff has also filed a "motion to continue all matters for 90 days." (ECF 13.) Because the court grants defendant's motion to reopen discovery for 90 days, plaintiff's motion is denied as moot.

[2] Because oral argument will not be of material assistance, the court orders this matter submitted on the briefs. E.D. Cal. Local Rule 230(g).

1

1  defendant's motion in limine No. 2 (ECF 117) to exclude all testimony at trial by those witnesses
2  designated by plaintiff on his expert witness list (ECF 83), the court grants plaintiff 30 days to
3  provide defendant the information required by Federal Rule of Civil Procedure 26(a)(2) as it relates
4  to each proffered expert witness." (ECF 126 at 2:1-4.) On April 11, 2012, the court granted plaintiff
5  a 60-day extension to provide the necessary disclosures under Federal Rule of Civil Procedure
6  26(a)(2). (ECF 131.) Defendant filed its motion to reopen discovery on May 1, 2012.

7  "The district court is given broad discretion in supervising the pretrial phase of
8  litigation, and its decisions regarding the preclusive effect of a pretrial order[.]" *Johnson v.*
9  *Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992). A moving party must, however,
10 demonstrate good cause to modify a scheduling order. Fed. R. Civ. P. 16(b)(4); *see* *Zivkovic v. S.*
11 *Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir.2002). Here, the court finds that good cause exists
12 to grant defendant's request to reopen discovery. Without the opportunity to depose those witnesses
13 plaintiff intends to disclose, defendant would be genuinely prejudiced at trial. Indeed, at the final
14 pretrial conference, the court intimated that it would be willing to reopen discovery for the limited
15 purpose of deposing those witnesses plaintiff failed to properly disclose. (ECF 132 at 4:24-5:13.)
16 As such, defendant's motion to reopen discovery for 90 days is granted. Discovery will close 90
17 days after this order issues.

18       IT IS SO ORDERED.
19 DATED: June 7, 2012.

                                      UNITED STATES DISTRICT JUDGE