IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JACOB WINDING,

       Plaintiff,                          No. CIV S-09-03526 KJM-KJN

   vs.

ALLSTATE INSURANCE CO. and DOES     ORDER
1-25, inclusive,

       Defendants.

_____/

       This matter is before the court on plaintiff Jacob Winding's motion for reconsideration. (ECF 139.) Defendant opposes the motion. (ECF 140.) For the reasons set forth below, plaintiff's motion is denied.[1]

       On May 1, 2012, defendant moved to reopen discovery. (ECF 133.) On June 8, 2012, the court granted defendant's motion to reopen discovery so that defendant could depose certain witnesses plaintiff failed to previously disclose.[2] (ECF 138.) Specifically, the court

---

[1] Because oral argument will not be of material assistance, the court orders this matter submitted on the briefs. E.D. Cal. Local Rule 230(g).

[2] Defendant, at the final pretrial conference, originally moved in limine to exclude those witnesses from testifying. The court, however, was inclined to deny that motion but permit limited discovery so defendant could depose those witnesses.

1

found that good cause existed to reopen discovery because "[w]ithout opportunity to depose those witnesses plaintiff intends to disclose, defendant would be genuinely prejudiced at trial." (*Id.* at 2:9-10.)

Plaintiff argues his motion should be granted because defendant was not diligent in seeking to reopen discovery. (ECF 139 at 313-315.) Plaintiff also argues that he would be prejudiced because "[p]laintiff has already spent substantial time and resources in pursuing discovery and responding to numerous requests." (*Id.* at 4:17-19.) Defendant counters that the motion should be denied because plaintiff has failed to "identify any new facts or law that would warrant reconsideration . . . ." (ECF 140 at 23-25.)

An order that "does not end the action as to any of the claims or parties . . . may be revised at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." FED. R. CIV. P. 54(b); 18B Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 4478.1 (2d ed. 2012) (while authorized, reconsideration of interlocutory orders disfavored). Where reconsideration of a non-final order is sought, the court has "inherent jurisdiction to modify, alter or revoke it." *United States v. Martin*, 226 F.3d 1042, 1048-49 (9th Cir. 2000), *cert. denied*, 532 U.S. 1002 (2001). Generally, and absent highly unusual circumstances, reconsideration is appropriate only where (1) the party presents the court with newly discovered evidence, (2) the court committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law. *School Dist. No. 1J, Multnomah County, Oregon v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

Plaintiff's motion opposes reopening discovery, but fails to present any argument supporting plaintiff's contention that the court should reconsider its order granting defendant's motion to reopen discovery. Plaintiff has neither presented newly discovered evidence nor a change in controlling law. Plaintiff has not demonstrated that the court committed clear error in granting defendant's motion. The court's reasons for granting the motion remain sound:

/////

1 | defendant would be prejudiced without an opportunity to depose those witnesses plaintiff intends
2 | to present at trial.
3 |       Based on the foregoing, plaintiff's motion for reconsideration is DENIED.
4 |       IT IS SO ORDERED.
5 | DATED: July 17, 2012.

                          UNITED STATES DISTRICT JUDGE