IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JACOB WINDING,

    Plaintiff,   No. 2:09-cv-03526 KJM KJN PS

    v.

ALLSTATE INSURANCE COMPANY
and DOES 1 through 25, inclusive,

    Defendants,   ORDER TO SHOW CAUSE

AND RELATED COUNTERCLAIM

               /

        On August 2, 2012, defendant and counter-claimant Allstate Insurance Company ("Allstate") filed a motion to compel plaintiff's compliance with Allstate's request to permit its "attorneys, agents, employees, consultants and/or experts to enter upon and inspect the property located at 1127 W. Harding Way in Stockton, California."[1] (Mot. to Compel at 1, Dkt. No. 142). Allstate also seeks sanctions. Allstate noticed its motion for an August 30, 2012 hearing date.

        On June 7, 2012, United States District Judge Kimberly J. Mueller reopened discovery in this case for 90 days, to approximately September 5, 2012, but for a very limited

---

[1] This matter proceeds before the undersigned pursuant to Eastern District of California Local Rule 302(c)(1) and 28 U.S.C. § 636(b)(1).

1

purpose. (Memo. & Order, Dkt. No. 138.) Judge Mueller reopened discovery so that Allstate could depose witnesses that plaintiff failed to disclose until just prior to trial. (Memo. & Order at 2 ("Here, the court finds that good cause exists to grant defendant's request to reopen discovery. Without the opportunity to depose those witnesses plaintiff intends to disclose, defendant would be genuinely prejudiced at trial. Indeed, at the final pretrial conference, the court intimated that it would be willing to reopen discovery for the limited purpose of deposing those witnesses plaintiff failed to properly disclose. (ECF 132 at 4:24-5:13.) As such, defendant's motion to reopen discovery for 90 days is granted."); see also Order, July 18, 2012, at 1, Dkt. No. 141 (denying plaintiff's motion for reconsideration and stating that "[o]n June 8, 2012, the court granted defendant's motion to reopen discovery so that defendant could depose certain witnesses plaintiff failed to previously disclose"). Indeed, Judge Mueller's order was in response to Allstate's motion to reopen discovery, which only sought the relief ultimately granted. (Allstate's Mot. to Reopen Discovery at 2 ("By this motion, Allstate seeks to re-open discovery in this insurance 'bad faith' case to allow depositions of certain individuals whom plaintiff failed to disclose properly before discovery closed, yet intends to produce at trial."); see id. ("Allstate respectfully requests that the Court reopen discovery for a brief period of ninety days to allow for the depositions of plaintiff's belatedly-disclosed witnesses.").)

Judge Mueller reopened discovery for a limited purpose that does not include filing a motion to compel a property inspection that was noticed after the close of discovery. Nothing prohibits the parties from agreeing to such an inspection without court intervention. However, nothing in Judge Mueller's orders suggests that discovery was reopened in a manner that permitted Allstate to file its motion to compel. As a result, the undersigned is strongly inclined to deny Allstate's motion without prejudice to Allstate seeking an order from Judge Mueller reopening discovery for a broader purpose.

Accordingly, IT IS HEREBY ORDERED that on or before August 7, 2012, at 5:00 p.m., Allstate shall show cause in writing why its motion to compel a property inspection is

properly before the court.  Specifically, Allstate must identify an order of this court that reopened discovery in a manner that permits Allstate to file a motion to compel compliance with a property inspection.

IT IS SO ORDERED.

DATED: August 3, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE