IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JACOB WINDING,

    Plaintiff,                           No. 2:09-cv-03526 KJM KJN PS

    v.

ALLSTATE INSURANCE COMPANY
and DOES 1 through 25, inclusive,

    Defendants,                     <u>ORDER</u>

AND RELATED COUNTERCLAIM
_____/

        On August 2, 2012, defendant and counter-claimant Allstate Insurance Company ("Allstate") filed a motion to compel plaintiff's compliance with Allstate's request to permit its "attorneys, agents, employees, consultants and/or experts to enter upon and inspect the property located at 1127 W. Harding Way in Stockton, California."[1]  (Mot. to Compel at 1, Dkt. No. 142). On August 3, 2012, the court ordered Allstate to show cause why it was permitted to conduct the particular type of discovery at issue after the close of discovery, and Allstate responded to the order to show cause ("OSC").  (<u>See</u> OSC, Dkt. No. 143; Allstate's Response, Dkt. No. 144.)

---

[1] This matter proceeds before the undersigned pursuant to Eastern District of California Local Rule 302(c)(1) and 28 U.S.C. § 636(b)(1).

1

On August 8, 2012, before the court heard Allstate's motion to compel or resolved the OSC, Allstate withdrew its motion to compel (Dkt. No. 145), which in turn mooted the OSC. However, on August 30, 2012, plaintiff and counter-defendant Jacob Winding filed a "reply" to the motion to compel and the OSC wherein he claims that Allstate trespassed on his property on August 7, 2012, and conducted a litigation-related inspection (Dkt. No. 147). Through his "reply," Mr. Winding moves the court, pursuant to Federal Rule of Civil Procedure 37(b), "for an order striking all information procured on . . . August 7, 2012 and the Testimony of all person [*sic*] whom entered the subject property . . . on the grounds that they were improperly obtain [*sic*] . . . ." (Winding's Reply at 1.) Mr. Winding lists four particular categories of testimony and evidence. (Id. at 2.)

The court denies Mr. Winding's request for relief without prejudice. First, Allstate's motion to compel is no longer pending such that plaintiff replied to a motion that is not actually before the court. Second, to the extent that Mr. Winding intended his "reply" to constitute a separate motion, Mr. Winding did not file a procedurally proper motion pursuant to Local Rule 230 or 251, as appropriate. At bottom, plaintiff's request appears to be a motion *in limine* seeking the exclusion of testimony and evidence at trial. Such a request or motion would be more appropriately addressed to the district judge, who will actually conduct the impending trial in this case.

Accordingly, IT IS HEREBY ORDERED that the relief requested in Mr. Winding's "reply" filed August 30, 2012 (Dkt. No. 147), is denied without prejudice to re-filing of a procedurally proper motion before the district judge.

IT IS SO ORDERED.

DATED: September 5, 2012

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE