UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JACOB WINDING,

Plaintiff,

v.

ALLSTATE INSURANCE COMPANY and DOES 1-25, inclusive

Defendants.

No. 2:09-cv-3526-KJM-KJN

ORDER TO SHOW CAUSE

I. BACKGROUND

The plaintiff, Jacob Winding, is not represented. Previously, a bench trial was set for December 8, 2014 at 9:00 a.m. On November 13, 2014, the court conducted a final pretrial conference. Mr. Michael Barnes appeared for defendant Allstate Insurance. Mr. Winding was not present.

Mr. Winding did not submit a pretrial statement and has not identified any exhibits or witnesses he intends to call at trial. Mr. Winding's previous filings have likewise omitted any discussion of trial witnesses and exhibits. *See* Pl.'s Indiv. Pretrial Statement, ECF No. 121. Although Mr. Winding at one point did disclose the names of several experts, Pl.'s Expert Witness List, ECF No. 83, he has not provided any written reports, has not provided any adequate disclosure of the subject matter of any expert witnesses' expected testimony, and has not provided

any "summary of the facts and opinions to which the witnesses is expected to testify." Fed. R. Civ. P. 26(a)(2)(B) & (C).

On October 15, 2014, Mr. Winding submitted a motion requesting a 120-day continuance of all matters pending before the court. ECF No. 184. To his motion, Mr. Winding attached his declaration, in which he averred he "is seeking new counsel" to help him prepare for trial. *Id.* ¶¶ 2-3. He declared he "has several other case[s] in federal court" which overlap with this case, but did not name or describe those cases. *Id.* ¶ 4. He reported he was "suffering health issues and has been under a physician's immediate care for over 6 months . . . ." *Id.* ¶ 6. Mr. Winding has previously submitted several similar motions on similar grounds. *See* Pl.'s Mot. Stay, ECF No. 153; Pl.'s Mot. Continue, ECF No. 148; Pl.'s Mot. Continue, ECF No. 136; Pl.'s Mot. Extension, ECF No. 130.

The court did not grant Mr. Winding's motion, but after receiving it did contact Ms. Sujean Park, the district's Pro Bono Panel Coordinator, to determine if a member of the district's panel of experienced volunteer attorneys would be willing to accept a limited appointment to represent Mr. Winding at trial without charge. Mr. James Houpt of Orrick, Herrington & Sutcliffe LLP, a member of the panel, agreed to represent Mr. Winding without charge. Mr. Houpt made a special appearance at the pretrial conference. He informed the court he contacted Mr. Winding by phone to offer his services, and the two spoke briefly. Mr. Houpt sent Mr. Winding an engagement letter, but Mr. Winding has not returned the letter. Mr. Winding has not responded to further phone and email contact from Mr. Houpt. Mr. Houpt was prepared to meet with Mr. Winding at the time of the pretrial conference and confirmed he would represent Mr. Winding without charge subject to the terms of his engagement letter.

II. <u>ORDER TO SHOW CAUSE</u>

The Eastern District of California has adopted local rules as authorized by Federal Rule of Civil Procedure 83(a). Local Rule 183(a) requires a party appearing without an attorney to appear either in person or by courtesy appearance of an attorney admitted to practice before this court. A person appearing without an attorney may not delegate the duty to appear to any other person. Local Rule 183(a). Because Mr. Winding is not represented in this matter, the

Local Rule requires him to attend hearings, including pretrial conferences, and the trial, either in person or by courtesy appearance of an attorney. Failure to comply with this rule may result in "judgment by default, or any other sanction appropriate under these rules." *Id.*

On August 14, 2014, the court issued an order requiring the parties submit a joint pretrial conference statement by October 23, 2014. Order 1-2, ECF No. 177. The order warned the parties, "Failure to comply with Local Rule 281, as modified by this order, may be grounds for sanctions." Order 3, ECF No. 177. Local Rule 281(b)(10) and (b)(11) require disclosure of exhibits and witnesses to be offered at trial.

"District courts have inherent power to control their dockets. In the exercise of that power they may impose sanctions including, where appropriate, default or dismissal." *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986) (citing *Link v. Wabash Railroad Co.*, 370 U.S. 626 (1961)). *Sua sponte* dismissal for failure to prosecute is a decision within this court's discretion. *Oliva v. Sullivan*, 958 F.2d 272, 273 (9th Cir. 1992). But "[b]ecause dismissal is a harsh penalty, it should be imposed as a sanction only in extreme circumstances." *Id.* Whether dismissal is appropriate depends on application of several factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions." *Thompson*, 782 F.2d at 831.

Federal Rule of Civil Procedure 55 governs entry of default and default judgment. It provides that the clerk must enter a party's default if that party "has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55. Whether default is an appropriate sanction depends on the same five factors listed above. *See Thompson*, 782 F.2d at 831; *Hingano v. Channing & Associates, LLC*, No. 09-1881, 2010 WL 55891, at *2 (E.D. Cal. Jan. 4, 2010).

In light of the above, the court hereby ORDERS:

(1) The trial set for December 8, 2014, is VACATED; and

/////

(2) Mr. Winding shall show cause why the facts and authorities set forth above do not warrant dismissal of his claims for lack of prosecution and entry of default as to Allstate's counterclaim. Mr. Winding shall respond within fourteen days.

IT IS SO ORDERED.

DATED: November 14, 2014.

UNITED STATES DISTRICT JUDGE