UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JACOB WINDING,

           Plaintiff,

    v.

ALLSTATE INSURANCE COMPANY
and DOES 1-25, inclusive,

           Defendants.

No. 2:09-cv-3526-KJM-KJN

ORDER TO SHOW CAUSE

I. BACKGROUND

On November 14, 2014, the court ordered the plaintiff, Jacob Winding, appearing pro se, to show cause why this action should not be dismissed for lack of prosecution and default entered as to the counterclaim against him. Order 3-4, ECF No. 189. The court required a response within fourteen days. *Id.* Mr. Winding responded to the court's order on December 4, 2014, twenty days later. Resp. Order Show Cause, ECF No. 190. In his response Mr. Winding purports to address the court's request for "further documentation of Plaintiff's physical constraints." *Id.* at 1. He attaches a letter from Christopher Schlenger, Doctor of Chiropractic, describing Mr. Winding's spinal discomfort and ongoing treatment, and recommending a 90 day continuance. *Id.* Ex. A. In his December 4 filing, Mr. Winding also reiterated his request for more time to seek new counsel. *Id.* at 2.

1

In its order of November 14, 2014, the court described several instances of Mr. Winding's inaction in this matter.  *See* Order 1-2, ECF No. 189.  In brief, despite multiple continuances, Mr. Winding has not identified exhibits and witnesses for trial, did not submit a pretrial statement, did not comply with the requirements of Rule 26 regarding disclosure of expert witnesses and testimony, did not attend the pretrial conference, and did not accept an offer to be represented without charge by a qualified member of this court's pro bono panel of experienced attorneys.  *Id.*  The court did not request further documentation of any physical constraints, but did require Mr. Winding to "show cause why the facts and authorities [in the order to show cause] do not warrant dismissal of his claims for lack of prosecution and entry of default as to Allstate's counterclaim."  *Id.* at 4.

Also in the November 14, 2014 order, the court described the Local Rules, this court's previous scheduling orders, and relevant case law it considers when deciding whether to dismiss or enter default *sua sponte*.  *Id.* at 2-3.  For the sake of clarity, the court reprises this discussion briefly below:

- A person appearing without an attorney must attend hearings and trial and may not delegate the duty to appear to any other person.  E.D. Cal. L. R. 183(a).  Failure to comply with these rules may result in "dismissal, judgment by default, or any other sanction appropriate under these rules."  *Id.*

- On August 14, 2014, the court issued an order requiring the parties submit a joint pretrial conference statement by October 23, 2014.  Order 1-2, ECF No. 177.  Local Rules 281(b)(10) and (b)(11) require disclosure of exhibits and witnesses for trial.  The August 14 order warned the parties, "Failure to comply with Local Rule 281, as modified by this order, may be grounds for sanctions."  Order 3, ECF No. 177.

- "District courts have inherent power to control their dockets.  In the exercise of that power they may impose sanctions including, where appropriate, default or dismissal."  *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986) (citing *Link v. Wabash Railroad Co.*, 370 U.S. 626 (1961)).  *Sua sponte* dismissal for failure to prosecute

/////

1   is a decision within this court's discretion.  *Oliva v. Sullivan*, 958 F.2d 272, 273 (9th Cir.
2   1992).

3   •   Whether dismissal is appropriate depends on application of several factors: "(1) the
4       public's interest in expeditious resolution of litigation; (2) the court's need to manage its
5       docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring
6       disposition of cases on their merits[;] and (5) the availability of less drastic sanctions."
7       *Thompson*, 782 F.2d at 831.

8   •   Federal Rule of Civil Procedure 55 governs entry of default and default judgment.  It
9       provides that the clerk must enter a party's default if that party "has failed to plead or
10      otherwise defend, and that failure is shown by affidavit or otherwise."  Fed. R. Civ. P.
11      55(a).

12  •   Whether default is an appropriate sanction depends on the same five factors listed above.
13      *See Thompson*, 782 F.2d at 831; *Hingano v. Channing & Associates, LLC*, No. 09-1881,
14      2010 WL 55891, at *2 (E.D. Cal. Jan. 4, 2010).

15          Mr. Winding's disregard of the Local Rules and this court's orders warrants
16  dismissal and entry of default in favor of the defendant on its counterclaim.  Plaintiff has not
17  responded in substance to the court's order to show why dismissal and entry of default are not
18  appropriate sanctions.  He has not addressed any of the authorities identified above.  Despite his
19  assertion of intent to seek counsel, Mr. Winding did not respond to the offer of representation
20  from a member of the court's pro bono panel.

21          Each of the four factors listed in *Thompson* also favors dismissal and entry of
22  default: (1) repeated continuances have prolonged this litigation and have not led to a resolution;
23  (2) Mr. Winding's failure to appear, list witnesses and exhibits, and respond to the court's efforts
24  to secure pro bono representation have resulted in unnecessary expenditures of time and effort by
25  the defendant and the court, and demonstrate his lack of intent to prosecute his case; (3) dismissal
26  and entry of default risks no prejudice to the defendant, whose counsel at the pretrial conference
27  described how, to the contrary, Mr. Winding's inaction has hampered the defense's ability to
28  prepare for trial; (4) resolution on the merits of Mr. Winding's claims is unlikely whether the case

3

1    is dismissed or not, because even were a trial to go forward, Mr. Winding has identified no

2    exhibits or witnesses, and (5) the court has, as described above, offered a number of alternatives

3    to dismissal without success.

4             Finally, while the court is not unsympathetic to any physical limitations Mr.

5    Winding may be experiencing, the limited information he has provided does not allow the court

6    to conclude he is rendered unable to provide timely responses to the court's orders and inquiries,

7    or communicate with the counsel the court was prepared to appoint to represent him.  In

8    summary, nothing before the court supports the conclusion that a continuance or rescheduled trial

9    would lead to resolution on the merits.  The court therefore ORDERS as follows:

10            (1) The case is DISMISSED;

11            (2) The Clerk of the Court is instructed to enter DEFAULT against Mr. Winding

12   on defendant's counterclaim;

13            (3) The defendant shall apply to the assigned magistrate judge for a default

14   judgment under Federal Rule of Civil Procedure 55(b)(2) and Local Rule 302(c)(19) no later than

15   thirty days from the issuance of this order.

16            IT IS SO ORDERED.

17   DATED: December 16, 2014.


                                          _____
                                          UNITED STATES DISTRICT JUDGE

4