UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACOB WINDING,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>ALLSTATE INSURANCE COMPANY, and DOES 1-25, inclusive,<br><br>　　　　　　Defendants. | No.  2:09-cv-3526-KJM-KJN<br><br>ORDER |

I.   BACKGROUND

On December 17, 2014, the court issued an order dismissing the complaint and instructing the clerk's office to enter default as to the defendant's counterclaim. Order Dec. 17, 2014, ECF No. 192. The clerk's office entered default on the same day, ECF No. 193, and Allstate filed a motion for default judgment on January 16, 2015, ECF No. 194. Also on January 16, the plaintiff, Jacob Winding, filed a notice of appeal, ECF No. 196; a motion for reconsideration of the court's December 17 order, ECF No. 197; and a motion for a stay pending appeal, ECF No. 198.

/////

/////

/////

1

II.     DISCUSSION

     A.     Reconsideration

Federal Rule of Civil Procedure 60(b) allows a party to seek relief "from a final judgment, order, or proceeding" for, among other reasons not applicable here, "mistake, inadvertence, surprise, . . . excusable neglect, . . . newly discovered evidence . . . , or . . . any other reason that justifies relief." This district's local rules also require a party seeking reconsideration of a previous order to show, among other things, "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion" and "why the facts or circumstances were not shown at the time of the prior motion." E.D. Cal. L.R. 230(j)(3), (4).

Mr. Winding's motion does not alert the court to any new facts, changes in the law, mistake, neglect, or other reasons why the court should reconsider its earlier order; rather, he presents evidence of his medical limitations, notes he is not represented and seeks an attorney. The court considered these facts in its previous order and concluded dismissal and entry of default were the appropriate resolution. *See* Order Dec. 17, 2014, at 3–4, ECF No. 192. The motion for reconsideration is denied.

     B.     Stay Pending Appeal

The party seeking a stay bears the burden to show it is entitled to a stay. *Latta v. Otter*, 771 F.3d 496, 498 (9th Cir. 2014). A motion for a stay pending appeal requires an analysis similar to that in the case of a motion for preliminary injunction. *Earth Island Inst. v. Ruthenbeck*, No. 03-6386, 2005 WL 3284289, at *1 (E.D. Cal. Nov. 30, 2005) (citing *Lopez v. Heckler*, 713 F.2d 1432, 1435 (9th Cir. 1983)). The court considers four factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Latta*, 771 F.3d at 498.

Mr. Winding has not carried his burden to show he is entitled to a stay. He has not cited or applied any law to show resolution of this case will likely be in his favor. Neither has

Mr. Winding addressed the court's concern that if the case were to continue, he would not prosecute it. *See* Order to Show Cause Nov. 14, 2014, ECF No. 189. He has not presented evidence he will suffer irreparable harm; should Mr. Winding's appeal succeed, he will receive relief from any economic harm he suffered. Issuance of the stay will further delay the proceedings here and prevent Allstate from recovering on its counterclaim, a claim Mr. Winding has not adequately addressed and has previously not defended. Finally, Mr. Winding has described only vaguely a public interest in justice he says weighs in his favor. These arguments do not adequately address the concerns the court expressed in its previous orders. *Id*. at 3 (describing the factors a court considers when deciding whether dismissal and default judgment are appropriate sanctions); Order Dec. 17, 2014, at 3–4, ECF No. 192 (applying these factors).

III.   CONCLUSION

The motion for reconsideration and for a stay pending appeal is DENIED.

IT IS SO ORDERED.

DATED: February 6, 2015.

_____
UNITED STATES DISTRICT JUDGE